UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ROBIN R. SPENCER, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:17-CV-81-DLB-HAI |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JIM ERWIN, Deputy Commissioner, | ) | & ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On October 2, 2017, state supervisee Robin Spencer, through counsel, filed a petition pursuant to 28 U.S.C. § 2254 in the Western District of Kentucky. D.E 1. On October 5, Senior Judge Thomas B. Russell ordered that the case be transferred to the Eastern District of Kentucky (D.E. 3, 4), where it was assigned to District Judge Bunning and referred to the undersigned (D.E. 5).

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must conduct a prompt preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." *Id.*; *see also* 28 U.S.C. § 2243 (permitting dismissal of a petition when "it appears from the application that the applicant or person detained is not entitled [to the writ]").

During this preliminary review phase, the Court has twice ordered Petitioner to amend his petition in a manner that specifies a basis for federal habeas corpus relief. Yet, after three attempts, his pleadings remain too vague for a meaningful response or evaluation by the Court. In accordance with the Court's prior warning (D.E. 8 at 2), the undersigned recommends that the petition be dismissed. Further, if the petition is construed in the way the Kentucky Court of

Appeals construed the underlying state court post-conviction motion, the petition should be dismissed with prejudice because it plainly appears Petitioner is entitled to no relief on the merits.

### I. Legal Standards

A state prisoner (or supervisee) has a statutory right to collaterally attack his conviction or sentence. *West v. Bell*, 242 F.3d 338, 346 (6th Cir. 2001). A state prisoner may seek federal habeas corpus relief on the ground that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act, Pub L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). It provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "highly deferential" standard of review that is "difficult to meet." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). All of the state court's factual findings are presumed to be correct, and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003), *cert. denied*, 543 U.S. 1080 (2005); 28 U.S.C. § 2254(e)(1). Legal conclusions made by state courts also receive substantial deference under AEDPA. "[A]

federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 133 S. Ct. 1990, 1992 (2013) (per curiam) (internal quotation marks omitted). Also, "circuit precedent does not constitute clearly established Federal law" under AEDPA. *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (internal quotation marks omitted). In sum, "federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. ___, 135 S. Ct. 1372, 1376 (2015).

Therefore, the question before this Court is not merely whether the Kentucky courts were incorrect, but whether they were so wrong that their treatment of the law and facts was "unreasonable" under these deferential standards.

## II. Background

The Kentucky Court of Appeals summarized the facts underlying this case:

> On February 8, 2012, Spencer was indicted in Shelby County, under indictment number 12-CR-00024, on two counts of Sexual Abuse in the First Degree, and one count of Sodomy in the First Degree. These charges stemmed from allegations that Spencer sexually abused his two step-daughters when they were both under the age of twelve. Before the case against Spencer reached trial, Spencer, on July 23, 2012, pled guilty to the two counts of Sexual Abuse in the First Degree and to the amended charge of Sodomy in the Third Degree. On September 21, 2012, in exchange for his plea of guilty the court sentenced Spencer consistent with the Commonwealth's recommendations to a total of fifteen years' imprisonment. He was ordered to serve six months incarceration with the remainder of his sentence probated for a period of five years.
>
> In March of 2014, the two victims signed affidavits recanting their testimony. In the affidavits, the victims claimed that they made up the story about the abuse because they were angry with Spencer for divorcing their mother. On May 15, 2014, Spencer filed a "motion to withdraw his guilty plea based on recantation of the alleged victims." A hearing was held on June 26, 2014. At the hearing, both victims took the stand and testified that they wrote the letters at the request of their mother who had been in constant contact with Spencer. Their mother asked them to write the letters so that Spencer could get treatment and be

3

>able to see their other sister, who was sixteen at the time. Both victims testified that the notarized letters were in fact false, and the acts of abuse actually occurred. The trial court, convinced that the victims' mother encouraged the victims to submit the false affidavits, denied the motion.

*Spencer v. Comm.*, No. 2014-CA-1878-MR, at 1-2 (Ky. Ct. App. April 22, 2016); D.E. 9-3 at 1-2.

After his motion to withdraw his guilty plea was denied, Petitioner filed a motion to set aside his judgment under Kentucky Rule of Civil Procedure 60.02. D.E. 9-3 at 3. This Rule provides for relief from judgment when, as Petitioner argued, there was "fraud affecting the proceedings, other than perjury or falsified evidence," or "any other reason of an extraordinary nature justifying relief." Ky. R. Civ. P. 60.02(d), (f).

Petitioner argued in state court that the daughters' conflicting testimony constituted "fraud" as contemplated by Rule 60.02(d). D.E. 9-3 at 4. The Court of Appeals rejected this argument on the basis that only "extrinsic fraud" satisfies the Rule; perjury provides no basis for relief. *Id*. at 4-5.

In the alternative, Petitioner argued that the "flip-flopping of the only witnesses" was an extraordinary circumstance under Rule 60.02(f). D.E. 9-3 at 5. The Court of Appeals construed this argument as "essentially a challenge to the sufficiency of the Commonwealth's evidence." *Id*. It rejected the challenge on the basis that a voluntary and intelligent plea of guilty precludes a post-judgment challenge to the sufficiency of the evidence. *Id*. "If Spencer believed his victims were lying," the court concluded, "he should have sought justice at trial." *Id*. at 6. Instead, his voluntary guilty plea functioned as an admission of guilt, and he "was convicted based on that admission." *Id*.

After the Court of Appeals affirmed the trial court's denial of his Rule 60.02 motion on April 22, 2016, Petitioner applied for discretionary review before the Kentucky Supreme Court.

4

D.E. 9-1 at 2.  That application was denied on August 17, 2016.  *Id*.  Petitioner did not seek review before the federal Supreme Court, and the 90-day window for doing so expired on November 15, 2016.

### III.  The Petition Fails to State a Federal Claim

Upon conducting a preliminary review, on October 10, 2017, the Court ordered Petitioner to supplement his habeas petition "to provide a more definite statement as to why he is entitled to federal relief" and to provide any pertinent and available portions of the state record.  D.E. 6.  The Court stated:

> Petitioner, who is currently released on probation, alleges that the state of Kentucky is restricting him in violation of the Constitution, laws, or treaties of the United States.  D.E. 1 at 2.  However, he does not otherwise "specify all the grounds for relief available."  Rules Governing Section 2254 Proceedings, Rule 2(c).  Petitioner does not articulate any theory as to how or why his restraint violates federal law.  For example, he cites no specific statute or constitutional provision that he alleges to have been violated.  The petition is "so vague or ambiguous that the [respondent] cannot reasonably prepare a response."  Federal Rule of Civil Procedure 12(e).

*Id*.

On October 23, 2017, Petitioner filed an amended petition (D.E. 7-2) along with a "Motion to Accept Amended Petition" (D.E. 7).  The amended petition added "Count III," which quoted 28 U.S.C. § 2254(d) and (e), but otherwise failed to inform the Court what federal rights he believes have been violated.

Accordingly, on October 24, the Court ordered further supplementation, including a memorandum of law.  D.E. 8.  The Court's order stated:

> Again, the petition is "so vague or ambiguous that the [respondent] cannot reasonably prepare a response."  Federal Rule of Civil Procedure 12(e).  Is this a claim of ineffective assistance of counsel?  A violation of the Due Process Clause?  An allegation of insufficient evidence to convict (despite the fact that Petitioner pleaded guilty)?  If it is the latter, then Petitioner has failed to file, if capable of doing so, the "pertinent" part of the state court record, as required by

5

> § 2254(f). For example, the Petition references a plea agreement and two signed affidavits from the victims, but these documents are not currently part of the record. D.E. 1, 7.

D.E. 8. The Court warned, "If Petitioner again fails to articulate a specific theory that could warrant federal relief, the undersigned will recommend that the petition be summarily dismissed." *Id*.

On October 31, 2017, Petitioner, through counsel filed a second amended petition and a "Second Motion to Accept Amended Petition." D.E. 9. The second amended petition is not substantively different from the amended petition.

As ordered, Petitioner attached a memorandum. D.E. 9-2. The memorandum states that the affidavits in question are under seal, but does not explain why the plea agreement has not been filed in the record. *Id*. at 2. The memorandum's analysis, rather than addressing federal law, centers on Rule 60.02. In fact, its key arguments appear to be identical to those Petitioner raised in state court:

> At this point the only thing we know for sure is that Robin pled guilty and the girls told three different stories; two of which under oath while adults. The difference in testimony under oath is the very definition of fraud effecting [sic] the proceedings. At the very least, this flip flopping of stories over the years by the ONLY witnesses to the allegations qualify as extraordinary nature justifying relief.

*Id*. at 3; *see also* D.E. 9-3 at 3 ("In his [Rule 60.02] motion, Spencer claimed that the 'difference in [the victims'] testimony under oath is the very definition of fraud effecting the proceedings.'"), *id*. at 5 ("Spencer also claims that the 'flip-flopping of the only witnesses to the allegations' is so extraordinary that it requires relief under CR 60.02(f).").

The memorandum concludes with a vague statement that "Kentucky is violating the laws and constitution of the US, including but not limited to violation of US Const Amend. 4, 5, 6, 8, 14 as well as 18 USC 2254(d) and (e)." D.E. 9-2 at 3. Defendant's latest filings do nothing to

6

clarify his theory of habeas relief. If anything, the exact nature of his claim(s) is less clear than before. Under the Rules of Civil Procedure, Respondent and the Court are not required to sift through the dozen or so individual rights contained in the cited constitutional amendments and determine whether any were violated in Petitioner's case. The Fourth Amendment in particular appears to have no application here.

The petition therefore should be dismissed for failure to specify the available grounds for relief in a manner that enables the other party to respond. Rules Governing Section 2254 Proceedings, Rule 2(c); Federal Rule of Civil Procedure 12(e).

### IV. A Claim of Insufficient Evidence Would Fail

In the alternative, the Court could construe the second amended petition in the same manner as the Kentucky Court of Appeals construed his Rule 60.02 motion. That court found that Petitioner's claim under Rule 60.02(f) was "essentially a challenge to the sufficiency of the Commonwealth's evidence." D.E. 9-3 at 5. This is a species of claim under the Due Process Clause of the Fourteenth Amendment. The standard for constitutional insufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

As the Kentucky Court of Appeals noted, under both Kentucky and federal law, entry of a voluntary and intelligent plea of guilty precludes a post-judgment challenge to the sufficiency of the evidence. D.E. 9-3 at 5. "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975). Any "attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's

guilty plea." *United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987). "[A] guilty plea admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts." *United States v. Patton*, 173 F.3d 857 (6th Cir. 1999) (table) (citing *Tollett v. Henderson,* 411 U.S. 258, 260-67 (1973)). There is no indication that the Kentucky courts' rejection of this insufficient-evidence argument involved an unreasonable determination of the facts or was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d).

Petitioner nowhere argues that his guilty plea was not knowing and voluntary or that it was the result of ineffective assistance of counsel. The Court notes that Petitioner's current counsel is the same attorney that represented him throughout all the state court proceedings in this case.

The Kentucky Court of Appeals treated the remainder of Petitioner's claims as procedural claims under Rule 60.02. D.E. 9-3. Of course, any rights Petitioner enjoys by operation of Kentucky Rule of Civil Procedure 60.02 cannot be vindicated in federal court. *See* 28 U.S.C. § 2254(a).

Because Petitioner's sufficiency-of-the-evidence claim is clearly barred by the operation of his plea agreement and because he does not appear to have articulated any other specific federal claim in either of his three petitions or his memorandum, it plainly appears that he is entitled to no relief, and the petition may be dismissed with prejudice on the merits. 28 U.S.C. § 2243; Rules Governing Section 2254 Cases, Rule 4.

### V. Conclusion

The undersigned recommends **DISMISSAL** of the second amended and underlying petitions. First, despite being given two opportunities, Petitioner has failed to specify which

federal law he believes is being violated by his continued supervision.  Second, although his petition may be construed as asserting a claim of insufficiency of the evidence, such a claim is precluded by Petitioner's guilty plea, which he nowhere alleges was not knowing and voluntary.

The undersigned further **RECOMMENDS** that no Certificate of Appealability ("COA") issue.  *See* 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Cases, Rule 12.  When a case is dismissed on procedural grounds, a COA may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner has not articulated "the denial of a constitutional right" because the Court cannot extract from the pleadings any theory as to which right was violated.

If Petitioner's theory is insufficiency of the evidence, then that claim is precluded by his knowing and voluntary plea agreement.  When the ruling is on the merits, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires a petitioner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  In other words, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.  Petitioner does not meet this standard because under clearly established law, his plea agreement, which he does not allege was invalid, precludes any post-judgment evidentiary challenge.

Before dismissing a matter on its own initiative, the Court "must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). As the Court in *Acosta* explained, when the Court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required." *Id*. The Court in *Shelton* recognized that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Finally, the Court **HEREBY ORDERS THAT** Petitioner's motions at Docket Entries 7 and 9 are **DENIED AS MOOT.** Petitioner was ordered to file the amended petition and second amended petition, so there was no need to move for their acceptance.

This the 3rd day of November, 2017.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge