UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

CIVIL ACTION NO. 17-81-DLB-HAI

ROBIN R. SPENCER                                                 PETITIONER

VS.           **ORDER ADOPTING RECOMMENDED DISPOSITION AND ORDER**

JIM ERWIN, et al.                                                 RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Petitioner Robin Spencer's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 105). Pursuant to the Court's local practice, this matter was referred to Magistrate Judge Hanly A. Ingram for the purpose of reviewing the Petition and preparing a Report and Recommendation. After reviewing the issues raised by Petitioner, Magistrate Judge Ingram issued a Recommended Disposition on November 3, 2017 recommending that the Petition for a Writ of Habeas Corpus be dismissed with prejudice. (Doc. # 10). Petitioner having filed Objections to the R&R (Doc. # 11), and the Respondent having filed no response and the time for submitting such a response having expired, this matter is now ripe for the Court's review.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of those portions of the Recommended Disposition to which Petitioner has objected. For reasons that follow, Petitioner's Objections are **overruled** and Magistrate Judge Ingram's Recommended Disposition is **adopted** as the opinion of the Court.

1

## I.    Factual and Procedural Background

The underlying facts of this case have been recounted by the Kentucky Court of Appeals, so the Court will briefly summarize the facts as they are restated in *Spencer v. Comm.,* No. 2014-CA-1878-MR, at 1-2 (Ky. Ct. App. April 22, 2016). Petitioner was indicted on two counts of Sexual Abuse in the First Degree and one count of Sodomy in the first degree. These charges stemmed from allegations that Petitioner sexually abused his two-stepdaughters when they were both under the age of twelve. Petitioner plead guilty to the two counts of Sexual Abuse in the First Degree and to the amended charge of Sodomy in the Third Degree. The court sentenced Petitioner to a total of fifteen years imprisonment. He was ordered to serve six months incarceration with the remainder of his sentence probated for a period of five years.

Two years later, the two victims signed affidavits recanting their testimony. In the affidavits, the victims claimed that they made up the story about the abuse because they were angry with the Petitioner for divorcing their mother. Petitioner filed a motion to withdraw his guilty plea. A hearing was held and at the hearing the victims indicated that they wrote the letters at the direction of their mother. Both victims testified that the letters were false and the abuse actually occurred. The trial court denied the Petitioner's motion.

After his motion was denied, Petitioner filed a motion to set aside his judgment under the Kentucky Rule of Civil Procedure 60.02. The Kentucky Court of Appeals affirmed the trial court's denial of his Rule 60.02 motion. Petitioner applied for discretionary review before the Kentucky Supreme Court, however, the application was denied.

On October 2, 2017, Petitioner filed a petition pursuant to 28 U.S.C. § 2254 in the Western District of Kentucky. (Doc. # 1). On October 5, Judge Thomas B. Russell ordered that the case be transferred to the Eastern District of Kentucky. (Doc. # 5). During the preliminary review phase of the petition, the Court has twice ordered Petitioner to amend his petition in a manner that specifies a basis for federal habeas corpus relief. (Doc. # 10 at 1). Yet, after three attempts to amend the petition, Magistrate Judge Ingram found the pleadings remain too vague for a meaningful response or evaluation by the Court. *Id.* Petitioner filed Objections to Magistrate Judge Ingram's findings, which are the subject of the Court's review.

II.     **Analysis**

    A.     **Legal Standards**

A state prisoner has a statutory right to attack his conviction. *West v. Bell*, 242 F.3d 338, 346 (6th Cir. 2001). A state prisoner may seek federal habeas corpus relief on the ground that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). This highly deferential standard is difficult to meet. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). All of the state court's factual findings are presumed to be correct, and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003). Similarly, legal conclusions made by state courts also receive substantial dereference under AEDPA. "[A] federal habeas court may overturn a state

3

court's application of federal law only if it is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 133 S. Ct. 1990, 1992 (2013).

If a party files objections to the recommendation, a district court must then consider those objections *de novo* and "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3). The objections must be specific; "vague, general or conclusory objections . . . [are] tantamount to a complete failure to object." *Cole v. Yukins,* 7 F. App'x 354, 356 (6th Cir. 2001). Moreover, "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004).

### B. Petitioner's Objections

Petitioner's Objections amount to no more than a disagreement with Magistrate Judge Ingram's finding that no federal claim is present in the petition. (Doc. # 11). Specifically, Petitioner argues that a federal claim is clearly asserted in the Petition, namely that the failure to grant a new trial was a violation of the Petitioner's constitutional rights. *Id.*

Objections, like these, that do "nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarize[] what has been presented before" are not valid "objections." *Id.* at 938. Although the Court believes it could simply overrule the Petitioner's Objections on this ground, it will briefly review Magistrate Judge Ingram's recommendation out of an abundance of caution.

4

A state prisoner may seek federal habeas corpus relief on the ground that he is being held in custody in violation of the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 2254(a). In essence, before relief may be granted, the Petitioner must state a claim that warrants federal relief.[1] Magistrate Judge Ingram concluded in his R&R that after three attempts to amend, Petitioner's pleadings remain too vague for a meaningful response or evaluation by the Court and should be dismissed pursuant to Federal Rule of Civil Procedure 12(e). (Doc. # 10 at 1). The Court agrees.

Petitioner has failed to articulate any theory within his pleadings as to how or why his current restraint violates federal law. Neither the Original Petition (Doc. # 1), the Amended Petition (Doc. #7-1), nor the Second Amended Petition (Doc. # 9) sufficiently inform the Court of the federal rights Petitioner claims have been violated. In the Original Petition, Petitioner argued that the state court's refusal to set aside his conviction pursuant to Kentucky Rule of Federal Procedure 60.02 "amounts to a violation of constitutional law." (Doc. # 1). After being ordered to supplement the Original Petition (Doc. # 6), the Amended Petition merely cites to 18 U.S.C. §§ 2254(d) and (e), without providing any additional analysis. (Doc. # 7-1). Magistrate Judge Ingram again ordered an additional supplementation (Doc. # 8), however, the Second Amended Petition is similarly deficient, as it contains no substantive difference from the Amended Petition—instead, the claims appear to be identical to those raised in state court. (Doc. # 9-2).

Likewise, Petitioner's Objections fail to articulate a claim that warrants federal relief. Petitioner argues that his federal claim is clear—the failure to set aside the state-

---

[1] To the extent Petitioner's Objections argue that Magistrate Judge Ingram applied an incorrect and overly stringent standard of review (Doc. # 11 at 2), such an objection is overruled. Magistrate Judge Ingram applied the proper standard of review.

5

court Order adjudging him guilty and award him a new trial pursuant to Kentucky Rule of Civil Procedure 60.02(d) and (f) violates the Constitution. However, Petitioner is misguided. Any rights that Petitioner enjoys by operation of Kentucky Rule of Civil Procedure 60.02 cannot be vindicated in federal court. *See* 28 U.S.C. § 2254(a).

To the extent that prior issues were addressed by Magistrate Judge Ingram, but not objected to by Petitioner, those issues are waived. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (holding that generally, a failure to file specific objections to a magistrate judge's report constitutes a waiver of those objections) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

No certificate of appealability shall issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Petitioner must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of the debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion on the grounds raised or conclude the issues presented are adequate to deserve encouragement to proceed further. *See id.*

### III. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Petitioner's Objections (Doc. # 11) to the Magistrate Judge's Recommended Disposition are hereby **overruled**;

(2) The Magistrate Judge's Recommended Disposition (Doc. # 10) is hereby **adopted** as the Opinion of the Court;

(3) Petitioner's Petition, Amended Petition, and Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docs. # 1, 7, and 9) are hereby **denied**;

(4) The Court certifies that, for the reasons previously set forth in the Magistrate Judge's Recommended Disposition (Doc. # 10), as well as those stated herein, there would be no arguable merit for an appeal in this matter, and, therefore, **no certificate of appealability will issue;**

(5) This matter is hereby **dismissed with prejudice** and **stricken** from the Court's active docket; and

(6) A separate Judgment will be entered contemporaneously with this Order.

This 25th day of January, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Frankfort\17-81 Order Adopting R&R.docx

7